UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Vernard Evans
3751 Stonesboro Road
Ft. Washington, MD 20744
301-248-9284
Complainant

V.

Michael O. Leavitt
Secretary
Department of Health and Human Services
200 Independence Avenue, S.W.
Rm. 615-F
Washington, D.C. 20201
202-690—7000

JURY DEMAND

Case: 1:08-cv-01077
Assigned To : Walton, Reggie B.
Assign. Date : 6/23/2008
Description: Employ. Discrim.

JURY ACTION

## COMPLAINT

The complainant was discriminated against based on her race, when on July 17, 2001, she was selected for a Lead Developmental Disabilities Specialist, GS-101-14, position located in the Division of Program Development, Administration on Developmental Disabilities (ADD), DHHS, but was not promoted while promotions were occurring for white women; and when in October 2001 a GS-14 Special Assistant to a Commissioner position was made available to a white woman in Complainant's immediate office, whereas Complainant was not made aware of this position or given a chance to compete for it.

Also, when GS-14 details and promotions were made available to white women within the office, the Complainant was not given an opportunity to compete.

Then, by February 2002, a white woman was promoted to a GS-15 Executive Assistant position. However, Complainant continued an

1

Page 2 – Complaint, Vernard Evans

8-months wait for placement at the GS-14 after a Certificate of Selection had been finalized and transmitted to personnel office in 2001 indicating a July 17, 2001 effective date for promotion.

Complainant was further discriminated against when she was not promoted and paid based on the Bargaining Unit Agreement which required that employees be paid within 2 weeks of the selection certificate being approved and returned to personnel. This did occur with the GS-15 bargaining unit position for a white woman within the Agency.

Also, when GS-14 details were made available to white women within the office, Complainant was not given an opportunity to compete.

Vernard M. Evans
3751 Stonesboro Rd
Ft. Washington, MD
20744



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Office of Federal Operations
P. O. Box 19848
Washington, D.C. 20036

Received
MAR 24 2008
By The Office Of
Kalijarvi, Chuzi, & Newman, PC

Vernard Evans,
Complainant,

v.

Michael O Leavitt,
Secretary,
Department of Health and Human Services,
Agency.

Appeal No. 0120063847

Hearing No. 100-2003-08280X

Agency No. ACF-009-02

### DECISION

On June 16, 2006, complainant filed an appeal from the agency's May 15, 2006, final order concerning her equal employment opportunity (EEO) complaint alleging employment discrimination in violation of Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. § 2000e et seq. and the Age Discrimination in Employment Act of 1967 (ADEA), as amended, 29 U.S.C. § 621 et seq. The appeal is deemed timely and is accepted pursuant to 29 C.F.R. § 1614.405(a). For the following reasons, the Commission AFFIRMS the agency's final order.

### BACKGROUND

At the time of events giving rise to this complaint, complainant worked as a GS-13 Developmental Disabilities Specialist in the Administration for Children and Families (ACF) and Administration for Developmental Disabilities (ADD). In April 2001, complainant applied for a promotion to one of the newly created Lead Development Program Specialist (LDPS) positions. Complainant was deemed qualified for the position, was interviewed, and was notified that she was tentatively selected for the position in October 2001. In addition to complainant, the agency tentatively selected a Black male and a White female for the position. However, according to the agency, complainant and the other selectees were not placed into the position because of a hiring and promotion freeze. Agency officials testified that the hiring freeze was relaxed in November 2001, but all promotions to the GS-13 level and above had to

be approved by the Assistant Secretary for Children and Families. None of the three selectees for the LDPS positions were placed into the position.

Complainant filed an EEO complaint alleging that she was discriminated against on the bases of race (African-American) and age[1] (born September 27, 1946) when she was selected for a GS-15 LDPS position but was not placed into the position because of hiring controls; and in October 2001, a GS-14 Special Assistant to a Commissioner position was made available to the Commissioner's White female friend, whereas complainant was not made aware of this position or given a chance to compete for it.

At the conclusion of the investigation, complainant was provided with a copy of the report of investigation and notice of her right to request a hearing before an EEOC Administrative Judge (AJ). Complainant timely requested a hearing, and the AJ held a hearing on March 8 and 9, 2006 and issued a decision on April 17, 2006, finding no discrimination. The AJ found that complainant failed to prove that the agency's articulated legitimate, non-discriminatory reasons for its actions were pretext for unlawful discrimination. The agency subsequently issued a final order adopting the AJ's findings. .

## CONTENTIONS ON APPEAL

On appeal, complainant argues that the AJ erred when he found no discrimination. Complainant contends that the agency failed to give a consistent reason why it failed to place her in the LDPS position; the agency failed to properly designate the LDPS position as a non-bargaining unit position; the Commissioner selected a White female to a GS-15 position despite the hiring freeze; and the Commissioner detailed an African-American Division Director out of the ADD days after the Commissioner testified at the hearing.

## ANALYSIS AND FINDINGS

Pursuant to 29 C.F.R. § 1614.405(a), all post-hearing factual findings by an AJ will be upheld if supported by substantial evidence in the record. Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Universal Camera Corp. v. National Labor Relations Board*, 340 U.S. 474, 477 (1951) (citation omitted). A finding regarding whether or not discriminatory intent existed is a factual finding. *See Pullman-Standard Co. v. Swint*, 456 U.S. 273, 293 (1982). An AJ's conclusions of law are subject to a *de novo* standard of review, whether or not a hearing was held.

An AJ's credibility determination based on the demeanor of a witness or on the tone of voice of a witness will be accepted unless documents or other objective evidence so contradicts the

---

[1] We note that on appeal, complainant states that he is not pursuing her age discrimination claim.

3                                                                    0120063847

testimony or the testimony so lacks in credibility that a reasonable fact finder would not credit it. *See* EEOC Management Directive 110, Chapter 9, § VI.B. (November 9, 1999).

In the absence of direct evidence of discrimination, the allocation of burdens and order of presentation of proof in a Title VII case claiming discrimination is a three-step process as set forth in *McDonnell Douglas Corporation v. Green*, 411 U.S. 792, 802-803 (1973), and its progeny. *See Hochstadt v. Worcestor Foundation for Experimental Biology, Inc.*, 425 F. Supp. 318 (D. Mass. 1976), *aff'd* 545 F.2d 222 (1st Cir. 1976) (applying *McDonnell Douglas* to retaliation cases). For complainant to prevail, she must first establish a *prima facie* case of discrimination by presenting facts that, if unexplained, reasonably give rise to an inference of discrimination, *i.e.*, that a prohibited consideration was a factor in the adverse employment action. *McDonnell Douglas*, 411 U.S. at 802; *Furnco Construction Corp. v. Waters*, 438 U.S. 567 (1978). The burden then shifts to the agency to articulate a legitimate, nondiscriminatory reason for its actions. *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 253 (1981). To ultimately prevail, complainant must prove, by a preponderance of the evidence, that the agency's explanation is pretextual. *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133 (2000).

In this case, we find that the agency provided legitimate, non-discriminatory reasons for its actions. Specifically, agency management testified that complainant was not placed into the LDPS position because a hiring freeze/control was placed on the position and all positions at the GS-13 level and above. Regarding the GS-14 Special Assistant to a Commissioner position, agency management testified that as a political appointee, the Commissioner was entitled to select an agency employee for an Executive Assistant position. The agency stated that the Commissioner initially selected a 55-year old White female as her Executive Assistant in a GS-14 detail capacity, but later promoted her to the position permanently at the GS-15 level pursuant to a publicized vacancy announcement. The Commissioner testified that her Executive Assistant was selected based upon her experience in developmental disabilities, many years of experience with the agency, and a personal relationship with the Commissioner.

Complainant argues that the agency failed to give a consistent reason why it failed to place her in the LDPS position. A review of the record reveals that indeed agency officials appeared to be unsure of the extent of the hiring control and the authority of agency officials to make exceptions to the control. However, we find that the inconsistencies in management's testimony were good faith attempts of agency officials to recall confusing and changing agency directives on hiring, not an attempt to cover discriminatory motives. Complainant also argues that the agency's articulated reasons are pretextual because the agency failed to properly designate the LDPS position as a non-bargaining unit position. However, the record reflects that the agency's Human Resources office designated the position as a non-bargaining unit position before the relevant vacancies were announced, and there is no indication that Human Resources' decision was based upon unlawful discrimination. Complainant also contends that the agency's explanation is pretextual because the Commissioner selected a White female co-worker to a GS-15 position despite the hiring freeze. We note that the Executive Assistant

4                                                                                       0120063847

position was a unique position that was exempted from the hiring control and involved consultation and interaction with a political appointee, and as such, was not similar to the LDPS position.

Complainant further argues that the agency's articulated reasons are pretextual because the Commissioner detailed an African-American Division Director out of the ADD because the Director raised concerns about discrimination to the Commissioner. Complainant contends that the AJ erred when he denied complainant's post-hearing motion to "reopen the hearing" because the reassignment of the Director constituted new evidence that was relevant to her complaint. However, we conclude that complainant has failed to demonstrate how the Commissioner's alleged reprisal against the Director in 2006 was related to her non-selection in 2001 and 2002; therefore, we determine that the AJ acted within his discretion when he denied complainant's request to allow testimony on the Director's reassignment. Consequently, we find that substantial evidence supports the AJ's conclusion that complainant failed to prove that the agency's reasons for its actions were pretext for unlawful discrimination.

## CONCLUSION

Based on a thorough review of the record and the contentions on appeal, including those not specifically addressed herein, we affirm the agency's final order finding no discrimination.

## STATEMENT OF RIGHTS - ON APPEAL

### RECONSIDERATION (M0701)

The Commission may, in its discretion, reconsider the decision in this case if the complainant or the agency submits a written request containing arguments or evidence which tend to establish that:

1. The appellate decision involved a clearly erroneous interpretation of material fact or law; or

2. The appellate decision will have a substantial impact on the policies, practices, or operations of the agency.

Requests to reconsider, with supporting statement or brief, must be filed with the Office of Federal Operations (OFO) within thirty (30) calendar days of receipt of this decision or within twenty (20) calendar days of receipt of another party's timely request for reconsideration. *See* 29 C.F.R. § 1614.405; Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614 (EEO MD-110), 9-18 (November 9, 1999). All requests and arguments must be submitted to the Director, Office of Federal Operations, Equal Employment Opportunity Commission, P.O. Box 19848, Washington, D.C. 20036. In the absence of a legible postmark, the request to reconsider shall be deemed timely filed if it is received by mail within

5                                                             0120063847

five days of the expiration of the applicable filing period. *See* 29 C.F.R. § 1614.604. The request or opposition must also include proof of service on the other party.

Failure to file within the time period will result in dismissal of your request for reconsideration as untimely, unless extenuating circumstances prevented the timely filing of the request. Any supporting documentation must be submitted with your request for reconsideration. The Commission will consider requests for reconsideration filed after the deadline only in very limited circumstances. *See* 29 C.F.R. § 1614.604(c).

### COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (S0900)

You have the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision. If you file a civil action, you must name as the defendant in the complaint the person who is the official agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work. If you file a request to reconsider and also file a civil action, **filing a civil action will terminate the administrative processing of your complaint.**

### RIGHT TO REQUEST COUNSEL (Z1199)

If you decide to file a civil action, and if you do not have or cannot afford the services of an attorney, you may request that the Court appoint an attorney to represent you and that the Court permit you to file the action without payment of fees, costs, or other security. *See* Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*; the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 791, 794(c). **The grant or denial of the request is within the sole discretion of the Court.** Filing a request for an attorney does not extend your time in which to file a civil action. Both the request and the civil action must be filed within the time limits as stated in the paragraph above ("Right to File A Civil Action").

FOR THE COMMISSION:

*Carlton M. Hadden* (signature)
_____
Carlton M. Hadden, Director
Office of Federal Operations

MAR 2 1 2008
_____
Date

6                                                                       0120063847

## CERTIFICATE OF MAILING

For timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was mailed. I certify that this decision was mailed to the following recipients on the date below:

Vernard Evans
C/O M.Perry #610
1901 L St NW
Washington, DC 20036


Bonita V. White, Assistant Secretary
Management/Budget/EEO
Department of Health and Human Services
200 Independence Ave., SW #514-G
Washington, DC 20201


MAR 2 1 2008
Date

_____
Equal Opportunity Assistant

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

## I (a) PLAINTIFFS
VERNARD EVANS

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF 8888
(EXCEPT IN U.S. PLAINTIFF CASES)

88888

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
3751 Stonesboro Rd
Ft. Washington MD 20744

## DEFENDANTS
Michael O. Leavitt

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE T____

Case: 1:08-cv-01077
Assigned To : Walton, Reggie B.
Assign. Date : 6/23/2008
Description: Employ. Discrim.

JURY ACTION

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

### ☐ A. Antitrust
☐ 410 Antitrust

### ☐ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ☐ C. Administrative Agency Review
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ☐ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

## ☐ E. General Civil (Other)   OR   ☐ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ☐ G. *Habeas Corpus/ 2255*<br><br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☒ H. *Employment Discrimination*<br><br>☒ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ I. *FOIA/PRIVACY ACT*<br><br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br><br>*(If pro se, select this deck)* | ☐ J. *Student Loan*<br><br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ☐ K. *Labor/ERISA (non-employment)*<br><br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ L. *Other Civil Rights (non-employment)*<br><br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ M. *Contract*<br><br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ N. *Three-Judge Court*<br><br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ Multi district Litigation  ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

42 USC 2000

**VII. REQUESTED IN COMPLAINT**  CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23  ☐    DEMAND $ _____  Check YES only if demanded in complaint  JURY DEMAND: ☒ YES  ☐ NO

**VIII. RELATED CASE(S) IF ANY**  (See instruction)  ☐ YES  ☒ NO  If yes, please complete related case form.

DATE 6/23/08   SIGNATURE OF ATTORNEY OF RECORD  /s/ Vernard N. Evans

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.